GREGORY A. BROWER
United States Attorney
AMBER M. CRAIG
Assistant United States Attorney
333 Las Vegas Blvd., South, Suite 5000
Las Vegas, Nevada 89101
(702) 388-6050



FILED
ENTERED
COUNSEL/PARTIES

SEP 10 2008

CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY_____ DEPUTY

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA
## -oOo-

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　PLAINTIFF,<br><br>VS.<br><br>RAYMOND EARL RAFUS,<br><br>　　　　　　DEFENDANT. | CRIMINAL INDICTMENT<br><br>2:08-CR-228<br><br>VIOLATIONS:<br>21 U.S.C. §§ 841(a)(1) & (b)(1)(A)(iii) -<br>Possession of a Controlled Substance<br>with Intent to Distribute - Cocaine Base;<br>21 U.S.C. §§ 841(a)(1) & (b)(1)(C) -<br>Possession of a Controlled Substance<br>with Intent to Distribute - Cocaine;<br>18 U.S.C. § 922 (g)(1) and 924 (a)(2) -<br>Felon in Possession of a Firearm |

**THE GRAND JURY CHARGES THAT:**

### COUNT ONE
Possession of a Controlled Substance With Intent to Distribute

On or about August 20, 2008, in the State and Federal District of Nevada,

**RAYMOND EARL RAFUS,**

defendant herein, did knowingly and intentionally possess with the intent to distribute, fifty (50) grams and more of a mixture and substance containing a detectable amount of cocaine base, also known as crack cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(A)(iii).

. . .

. . .

## COUNT TWO
Possession of a Controlled Substance With Intent to Distribute

On or about August 20, 2008, in the State and Federal District of Nevada,

**RAYMOND EARL RAFUS,**

defendant herein, did knowingly and intentionally possess with the intent to distribute, a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C).

## COUNT THREE
Felon in Possession of a Firearm

On or about July 14, 2008, in the State and Federal District of Nevada,

**RAYMOND EARL RAFUS,**

defendant herein, having been convicted of a crime punishable by imprisonment for a term exceeding one year, to wit: on or about December 10, 2002, in the Clark County District Court, State of Nevada, defendant was convicted of Trafficking in Controlled Substance, in case number C186709; did knowingly possess:

(1) a Steyer, model M40, .40 caliber handgun, bearing serial number 017371,

(2) a Bryco Arms, model Jenn 9, 9mm handgun, bearing serial number 1418240, and

(3) a Taurus, model PT140, .40 caliber handgun, bearing serial number SYE82916, *3YE82918* [handwritten correction]

said possession being in and affecting commerce, in violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(2).

. . .

. . .

. . .

## FORFEITURE ALLEGATION ONE

1. The allegations contained in Counts One and Two of this Indictment are hereby re-alleged and incorporated herein by reference for the purpose of alleging forfeiture pursuant to the provisions of 21 U.S.C. § 853(a)(1).

2. Upon a conviction of the felony offenses charged in Counts One and Two of this Indictment,

**RAYMOND EARL RAFUS,**

the defendant herein, shall forfeit to the United States of America any property constituting, or derived from, any proceeds the person obtained, directly or indirectly, as the result of a violation of 21 U.S.C. § 801, *et seq.*, up to $18,456.00 in United States Currency.

3. If any property being subject to forfeiture pursuant to 21 U.S.C. § 853(a)(1), as a result of any act or omission of the defendant -

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States of America, pursuant to 21 U.S.C. § 853(p), to seek forfeiture of any properties of the defendant up to the value of $18,456.00 in United States Currency.

All pursuant to 21 U.S.C. §§ 801, et seq., 853(a)(1), and 853(p).

. . .

. . .

## FORFEITURE ALLEGATION TWO

1. The allegations contained in Counts One and Two of this Indictment are hereby re-alleged and incorporated herein by reference for the purpose of alleging forfeiture pursuant to the provisions of 21 U.S.C. § 853(a)(2).

2. Upon a conviction of the felony offense charged in Counts One and Two of this Indictment,

**RAYMOND EARL RAFUS,**

the defendant herein, shall forfeit to the United States of America any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of a violation of 21 U.S.C. § 801, *et seq.*, up to $18,456.00 in United States Currency.

3. If any property being subject to forfeiture pursuant to 21 U.S.C. § 853(a)(2), as a result of any act or omission of the defendant -

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States of America, pursuant to 21 U.S.C. § 853(p), to seek forfeiture of any properties of the defendant up to the value of $18,456.00 in United States Currency.

All pursuant to 21 U.S.C. §§ 801, et seq., 853(a)(2), and 853(p).

. . .

. . .

## FORFEITURE ALLEGATION THREE

1. The allegations contained in Count Three of this Indictment are hereby re-alleged and incorporated herein by reference for the purpose of alleging forfeiture pursuant to the provisions of 18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c).

2. Upon a conviction of the felony offense charged in Count Three of this Indictment,

**RAYMOND EARL RAFUS,**

the defendant herein, shall forfeit to the United States of America all firearms and ammunition involved in the commission of the violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2), including, but not limited to:

   a. a Steyer, model M40, .40 caliber handgun, bearing serial number 017371;
   b. a Bryco Arms, model Jenn 9, 9mm handgun, bearing serial number 1418240;
   c. a Taurus, model PT140, .40 caliber handgun, bearing serial number SYE82916;
   d. twenty-one (21) .40 caliber Smith and Wesson bullets; and
   e. ten (10) 9mm Winchester bullets.

All pursuant to 18 U.S.C. §§ 922(g)(1) and 924(a)(2), 18 U.S.C. § 924(d), and 28 U.S.C. § 2461(c).

**DATED:** this 10 day of September, 2008.

**A TRUE BILL:**

/S/
FOREPERSON OF THE GRAND JURY

GREGORY A. BROWER
United States Attorney

AMBER M. CRAIG
Assistant United States Attorney

5