2012 MAY 10 P 1: 26

2:08-cr-00228-RLH -PAL

UNITED STATES OF AMERICA )
      PLAINTIFF )
)
      V. )      D.C NO.
)      (NEVADA, LAS VEGAS)
)
RAYMOND EARL RAFUS )
      PETITIONER )
)

PETITIONERS §2255 MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE.

RAYMOND EARL RAFUS(PRO-SE)
#42966-048
P.O Box 1000
OTISVILLE, NEW YORK
         10963

COMES NOW THE PETITIONER, RAYMOND EARL RAFUS PURSUANT TO 28 U.S.C §2255, FILES THIS MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE, ON THE GROUNDS OF VIOLATION OF THE SIXTH AMENDMENT RIGHTS TO EFFECTIVE ASSITANCE OF COUNSEL

ARGUEMENT A

COUNSEL FAIL TO OBJECT TO THE "CAREER OFFENDER" SENTENCE UNDER 4B1.1

ARGUEMENT B

COUNSEL FAIL TO OBJECT TO PETITIONERS 1989 CONVICTION THAT WAS USED TO ENHANCE PETITIONERS CRIMINAL HISTORY SCORE BY THREE POINTS

I

## TABLE OF AUTHORITIES

### Federal Cases

1) U.S v. Juan Villa-Lara, 451 F.3d 963 (9th Cir. 2006)........................PG.1
2) U.S v. Marc Alan Dennis, 206 Fed. Appx. 719 (9th Cir. 2006)...............PG.1
3) Salinas v. United States, 164 L. Ed. 2d 364 (2006).........................PG.2
4) Morrissey v. Brewer, 408 U.S 471 (1972).....................................PG.2
5) Gagnon v. Scarpelli, 411 U.S 778 (1973)....................................PG.3
6) White v. White, 925 F.2d 287 (9th Cir. 1991)...............................PG.3
7) Valdiva v. Davis 206 F. Supp. 2d 1068 (9th Cir. 2002).......................PG.4

## PROCEDURAL HISTORY

On September 10, 2008 the government charged petitioner in a three count indictment:

count 1) possession of a controlled substance with intent distribute (Cocaine Base) in violation of U.S.C. §§841(a)(1)&(b)(1)(A)(iii)

count 2) possession of a controlled substance with intent to distribute (Cocaine) in violation of U.S.C. §§841(a)(1)&(b)(1)(C)

count 3) Felon in possession of a firearm 18 U.S.C. §§922(g)(1) and 924(a)(2) (see docket sheet #1)

On January 13, 2010 Petitioner enter a guilty plea to count two(2) of the indictment.(see docket sheet #69(change of plea minutes);see also docket sheet #70(written plea memorandum).)

On April 19, 2010 petitioner was sentence as a career offender to 127 months in the BOP and three years supervise release.(see docket #77)

On April 19, 2010 petitioner timely filed appeal (see docket #80)

## ARGUEMENT A

## COUNSEL FAIL TO OBJECT TO THE "CAREER OFFENDER" SENTENCE UNDER 4B1.1

Petitioner contends that counsel was ineffective due to the fact counsel failed to object to the erroneous career offender sentence due to the following conviction from the united states of nevada, clark county district court case #(C-186709) "trafficking in controlled substance" NEV. REV. STST. 453.3385 (see exzibit A)

On January 13, 2010 pursuant to a plea agreement petitioner and the government stipulated to the following" petitioner will qualify as a "CAREER OFFERDER" under 4B1.1 and 4b1.2 due to the following convictions: 1) On December 5, 2000 in the clark county district court, Defendant was convicted of "sales of a controlled substance", and 2) On December 10, 2002 in the clark county district court, Defendant was convicted of "trafficking in a controlled substance" in case #(C-186709). (see exibit B)

Petitioner contends that the government erred in categorizing him as a career offender and by doing so petitioners sentence was enhanced by 60 months. Petitioner argues that his conviction under NEV. REV. STAT. § 453.3385 did not qualify as a "drug trafficking offense." NEV. REV. STAT. 453.3385 criminalized mere possession of certain amounts of controlled substances, without proof of trafficking intent. consequently, a conviction under § 453.3385 was not a "drug trafficking offense" under the U.S.S.G MANUAL 4B1.2(b). (see) VILLA-LARA **451 f.3d 963**(9th cir 2006)(also see) MARC ALAN DENNIS, **206 FED. APPX. 719**(9th cir 2006) district court erred by enhancing sentence based on defendants prior conviction under NEV. REV. STAT. 453.3385, as 453.3385 criminalized simple possession on its face so that 453.3385 was not categorically a controlled substance offense under U.S.S.G. 4b1.2(b).

1

The united states supreme court held that a prior for "**simple possession**" of a controlled substance is not a "**controlled substance offense**" under U.S.S.G. 4b1.1(see) **SALINAS V. UNITED STATES 164 l. ed. 2d 364**(2006) A federal court of appeals erred in concluding that for the purpose of UNITED STSTES SENTENCING COMMISSION, GUIDELINES MANUAL 4b1.1(a) an accused's prior conviction for simple possession of a controlled substance constitutes a "**controlled substance offense**", as "**controlled substance offense**" was defined in manual 4b1.2(b) as "an offense under federal or state law that prohibited... the possession of a controlled substance(or counterfeit substance) with intent to manufacture, import, export, distribute, or dispense".

Petitioner contends that his December 10, 2002 conviction 453.3385 for "**trafficking in controlled substance**" dose not meet the definition under U.S.S.G. 4b1.2(b) to be used as a predicate for career offender enhancement. Petitioner respectfully request this honorable court to vacate his career offender sentence and be remanded back for re-sentencing.

__May 08, 2012___
DATE

*Raymond Rafus*
RAYMOND RAFUS PRO-SE

2

## ARGUMENT B

## COUNSEL FAIL TO OBJECT TO PETITIONERS 1989 CONVICTION THAT WAS USED TO ENHANCE PETITIONERS CRIMINAL HISTORY SCORE BY THREE POINTS

Petitioner contends counsel was ineffective because counsel fail to object to petitioners 1989 conviction that was used to increase petitioners criminal history score. Petitioner asserts that his 1989 conviction exceeds the 15 year applicable period under U.S.S.G. 4a1.2(e)(1) to be used to enhance his criminal history score. Petitioner was convicted in Pomona, California on September 20, 1989 in case number (A-891629) to a six year prison term and was paroled on May 3, 1992 on that same 1989 conviction. Petitioner was indicted in the instant case on September 10, 2008 well over the 15 year applicable time period for his 1989 conviction to be used to enhance criminal history score. The United States Probation Office(U.S.P.O herein) utilized petitioners 1989 conviction under 4a1.1/4a1.2(k) to enhance petitioners criminal history score because petitioners 1989 conviction under 4a1.2(k) extends into the 15 year applicable time period under 4a1.2(e)(1). Petitioner was paroled on May 3, 1992 on his 1989 conviction, and subsequently received four parole violations and was remanded back to prison on all four violations but was not discharged from the parole aspect of his 1989 conviction until June 24, 1996.

The sentencing guidelines provides for an enhancement of three points for a prior sentence of imprisonment exceeding one year one month, U.S.S.G. 4a1.1(a), that resulted in the defendant being in carcerated within fifteen years of the commission of the instant offense, U.S.S.G. 4a1.2(e)(1). When parole is revoked, the original term of imprisonment is added to any term imposed upon revocation in calculating the duration of the sentence. U.S.S.G. 4a1.2(k)(1).

In order for the federal government to use a prior conviction to enhance a federal sentence in any aspect the prior has to have been obtained under the laws of the UNITED STATES CONSTITUTION. Petitioner contends that all four of his parole violation was obtained unconstitutionally in violation of his FOURTEENTH AMENDMENT RIGHTS TO

1

DUE PROCESS. Petitioner contends he was never afforded a preliminary hearing to verify the existence of probable cause prior to his parole being revoked on all four occasion.

The starting point for determing the due process rights of individuals prior to parole revocations is MORRISSEY V. BREWER, 408 U.S 471, 33 L. 2d 484, 92 S. CT. 2593(1972). In Morrissey, the Supreme Court appeared to determine that the constitution require a two stage process. "We see two important stages in the typical process of parole revocation" the first being the **"arrest and preliminary hearing"** stage , and the second, **"When parole is formally revoked."** 408 U.S 485

The Morrissey Court stated that " there is typically a substantial time lag between the arrest and the eventual determination by the parole board whether parole should be revoked. Additionally , it may be that the parolee is arrested at a place distant from the state institution, to which he may be returned before the final decision is made concerning revocation. Given these factors, due process would seem to require that some minimal inquiry be conducted at or reasonably near the place of the alleged parole violation or arrest and as promptly as convenient after arrest while information is fresh and sources are available. Such an inquiry should be seen as in the nature of a **"PRELIMINARY HEARING"** to determine whether there is probable cause or reasonable grounds to believe that the arrest parolee has committed acts that would constitute a violation of parole conditions." MORRISSEY V. BREWER **408 U.S. 485**

The Morrissey Court further stipulated that "due process requires that after the arrest, the determination that reasonable grounds exists for revocation of parole should be made by someone not directly involved in the case." and "make no assumptions one way or the other to conclude that there should be an uninvolved person to make this preliminary evaluation of the basis for believing the condition of parole have been violated ." "With respect to the preliminary hearing before this officer, the parolee should be given notice that the hearing will take place and that its purpose is to determine whether there is probable cause to believe he has committed a parole violation. The notice should state what parole violation have been

2

alleged. At the hearing the parolee may appear and speak in his own behalf, he may bring letters, documents, or individuals who can give relevant information to the hearing officer." Morrissey V. Brewer 408 U.S 485-87

A year after Morrissey, the court explained that in that case"We held that parolees is entitled to two hearings, one a preliminary hearing at the time of his arrest and detention to determine whether there is probable cause to believe that he has committed a violation of his parole, and the other a somewhat more comprehensive hearing prior to the making of the final revocation."GAGNON V. SCARPELLI, 411 U.S. 778, 781-782, 36 L. Ed. 2d 656, 93 S. Ct. 1756, 71 Ohio Op. 2d 279(1973).(also see) id at 786(Morrissey mandated preliminary and final revocation hearings.) The Gagnon Court again emphasized that " at the preliminary hearing, a probationer or parolee is entitled to notice of the allged violations, an opportunity to appear and to present evidence on his own behalf, a conditional right to confront adverse witness, and the independent decisionmaker, and a written report of the hearing,"411 U.S. 786. Observing no difference between parole revocations and probation revocations, the court stated that "We hold that probationers, like a parolee, is entitled to a preliminary hearing." id at 782. (also see) White v. White,925 F.2d 287(9th Cir. 1991)(finding that Morrissey contemplated both a preliminary and final revocation hearing).

Petitioner asserts that not just was he not afforded a preliminary hearing but"California's parole process dose not provide for a preliminary revocation hearing to determine whether there is probable cause to believe that a parolee committed a parole violation, rather California has adopted a wholly internal review system from which parolee's is entirely excluded." When the deputy commissioner reviews the parole violation report to determine the appropriate screening offer the parolee is neither present, nor has he had any opportunity to communicate with the deputy commissioner. Put directly, at no time prior to the determination of the screening offer has the parolee been given an opportunity to speak to the charges, challenge the contents of the violation report, present his own evidence, or to question witnesses." 206 F. supp. 2d 1070(9th Cir 2002)

California Board of Prison Term contends "that a preliminary hearing is not required, and that the state's unitary parole revocation procedure provides a constitutional equivalent process."**206 F. Supp. 2d 1075**(9th Cir 2002)

In 2002 a Federal judge concluded in **Valdiva v. Davis 206 F. Supp. 2d 1068**(9th Cir. 2002) In order to protect a parolee's liberty interest, Morrissey requires procedures to insure not only that the state dose not revoke parole without an adequate factual basis, but that parolees are not detained without some sort of assurance that probable cause to suspect a parole violation, and the current California parole revocation system violates parolees due process rights. **id** at **1078**.

Petitioner contends that his parole violation was obtained under the same parole revocation system that a united states district judge ruled unconstitutional and violated parolees due process rights. Prior to 2002 Califrnia's parole revocation procedures did not incorporate the due process principles enunciated in Morrissey v. Brewer **408 U.S. 471**, and by not doing so petitioner asserts that his due process rights was violated by California not affording petitioner a probable cause hearing prior to his parole being revoked.

Petitioner asserts that his parole violations was not knowingly, voluntarily, and intelligently taken and by petitioner not being afforded an preliminary hearing prior to his parole being revoked on all four occasion petitioner contends that his parole violations was obtained unconstitutionally in violation of petitioner Fourteenth Amendment Rights to Due process and constitutionally can not be utilized to enhance petitioners criminal history score.

In order to wave a constitutional right, the waiver of that constitutional right must be knowingly and voluntarily waived. Petitioner contends that he never waived his constitutional right to a preliminary hearing to verify the existence of probable cause prior to his parole being revoked.

Petitioner contends that by the state not affording him a preliminary hearing the state violated his due process rights by failing to abide by parole revocations procedures set forth in

4

Morrissey v. Brewer 408 U.S. 471(1972)

    Petitioner contend that his Fourteenth Amendment rights to due process was violated and his parole revocation can not be used to enhance his criminal history score and respectfully request this honorable court to vacate his 1989 conviction that was used to increase his criminal history score.

Respectfully Submitted

May 08, 2012
DATE

*Raymond Rafus*
RAYMOND RAFUS (PRO-SE)

5

EXIBIT A

**JOCP**
STEWART L. BELL
Clark County District Attorney
Nevada Bar #000477
200 South Third Street
Las Vegas, Nevada 89155-2211
(702) 455-4711
Attorney for Plaintiff

FILED
Dec 11  11 38 AM '02

/s/ Shirley Ranguine
CLERK

## DISTRICT COURT
## CLARK COUNTY, NEVADA

THE STATE OF NEVADA,

   Plaintiff,

-vs-

RAYMON RAFUS, aka
Raymond Earl Rafus,
#1215682

   Defendant.

Case No: C186709
Dept No: XI

### JUDGMENT OF CONVICTION
### (PLEA OF GUILTY)

  The Defendant previously appeared before the Court with counsel and entered a plea of guilty to the crime(s) of TRAFFICKING IN CONTROLLED SUBSTANCE (Felony), in violation of NRS 453.3385; thereafter, on the 3rd day of December, 2002, the Defendant was present in court for sentencing with his counsel, SHARON DICKINSON, Deputy Public Defender, and good cause appearing,

  THE DEFENDANT IS HEREBY ADJUDGED guilty of said offense(s) and, in addition to the $25.00 Administrative Assessment Fee and $60.00 Drug Analysis fee, Defendant SENTENCED to a MAXIMUM of FORTY-EIGHT (48) MONTHS and a MINIMUM of TWELVE (12) MONTHS in the Nevada Department of Corrections to run CONCURRENT with case C168842 with NO credit for time served; Dismissal Counts 2, 3 and 4.

  DATED this __10__ day of December, 2002.

/s/ [signature]
DISTRICT JUDGE

RECEIVED
DEC 10 2002
COUNTY CLERK

P:\WPDOCS\JUDG\214\21488401.doc

Case 2:08-cr-00228-RLH-PAL   Document 70   Filed 01/13/10   Page 2 of 11



Exibit B

B. **Additional Charges**

The United States Attorney's Office for the District of Nevada ("United States") will bring no additional charge or charges against Defendant arising out of the investigation in the District of Nevada which culminated in this Plea Memorandum.

C. **Sentencing Guideline Calculations**

Defendant understands that the court is required to consider United States Sentencing Guidelines ("U.S.S.G." or "Sentencing Guidelines") among other factors in determining Defendant's sentence. Defendant understands that the Sentencing Guidelines are advisory, and that after considering the Sentencing Guidelines, the court may be free to exercise its discretion to impose any reasonable sentence up to the maximum set by statute for the crimes of conviction.

The parties agree to the following calculations of the Sentencing Guidelines:

1. Defendant and the United States agree and stipulate to the following applicable sentencing guideline factors:

| | |
|---|---|
| Base Offense Level [U.S.S.G. § §2D1.1(c)(5) and 4B1.1(b)(B) (Career Offender)]: | 32 |
| Acceptance of Responsibility [U.S.S.G.§3E1.1(a)]: | -2 |
| Timely Plea [U.S.S.G. §3E1.1(b)]: | -1 |
| Mitigating Role [U.S.S.G. §3B1.2] | -3 |
| Total Offense Level: | **26** |

2. The Defendant understands that he will likely qualify as a Career Offender under U.S.S.G. §§ 4B1.1 and 4B1.2, due to the following convictions: 1) On December 5, 2000, in the Clark County District Court, Defendant was convicted of Sale of a Controlled Substance; and 2) On December 10, 2002, in the Clark County District Court, Defendant was convicted of Trafficking in Controlled Substance, in case number C186709. As such, if the Defendant is found by the Court to be a Career Offender, he understands that his criminal history category will be Category VI.

ER 597