# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

* * *

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | 2:08-cr-00228-RLH-PAL |
| | ) | |
| vs. | ) | **O R D E R** |
| | ) | (§2255 Motion to Vacate–#95) |
| RAYMOND EARL RAFUS, | ) | |
| | ) | |
| Defendant. | ) | |

   Defendant has filed a **§2255 Motion to Vacate, Set Aside or Correct Sentence** (#95, filed May 10, 2012). The Court also considers the United States' Opposition (#98, filed June 25, 2012) and Defendant's Response to Government Opposition (#99, filed July 16, 2012).

   Defendant Rafus' Motion is without merit and will be denied.

   Defendant purports to raise two bases for his motion: (A) Ineffective assistance of counsel for failing to object to the "career offender" sentence Under 4B1.1; and (B) Counsel's failure to object to his 1989 conviction used to enhance his criminal history score by three points. While he characterizes his arguments as ineffective assistance of counsel arguments, in reality the arguments do little to address the actions of his counsel. Rather, he addresses directly the Court's purported error in finding him to be a career offender and using his 1989 conviction to enhance his criminal history score.

## PROCEDURAL HISTORY

Rafus was indicted on September 10, 2008, for Possession with Intent to Distribute Narcotics (counts one and two) and for being a Felon in Possession of Firearms.

On August 26, 2009, following his filing of a motion to suppress evidence and three evidentiary hearings on the motion, the Magistrate Judge's Report of Findings and Recommendation, recommended denial of the motion.

On October 27, 2009, following its *de novo* review, this Court adopted the Magistrate Judge's recommendation.

On January 13, 2009, pursuant to a negotiated plea, Rafus pled guilty to count two of the indictment, waiving the right to appeal except as to the issues raised by his motion to suppress.

On April 16, 2010, this Court sentenced Rafus to 127 months imprisonment. On April 19, 2010, he filed his notice of appeal.

On March 29, 2011, the Ninth Circuit Court of Appeals affirmed this Court's denial of Defendant Rafus' motion to suppress. Addressing only two issues raised on appeal, the Ninth Circuit found that the initial stop of Rafus was not a full-blown arrest; that the stop was supported by a reasonable suspicion of criminal activity; and that officers did not exceed the permissible scope of a pat-down. The mandate was spread on the record on June 1, 2011.

On May 10, 2012, Defendant filed the present motion.

## DEFENDANT'S CLAIMS ARE PROCEDURALLY DEFAULTED

The Motion consists of arguments he never raised on direct appeal. Accordingly (and notwithstanding their lack of merit), those arguments are procedurally defaulted and cannot–absent a showing of "cause and prejudice"–be raised here. *See, Massaro v. United States,* 538 U.S. 500, 504 (2003) (Claims not raised on direct appeal may not be raised on collateral review unless the petitioner shows cause and prejudice.) Here, merely trying to characterize them as claims for ineffective assistance of counsel does not cure that deficit. Furthermore he does not, and cannot, prove cause and prejudice for the reasons stated below.

Under the two-part test prescribed in *Stickland v. Washington*, 466 U.S. 668, 687-88 (1984) to prevail in an ineffective assistance of counsel claim, a defendant must establish both (1) that counsel's representation fell below an objective standard of reasonableness; and (2) that counsel's deficient performance prejudiced the defendant. Rafus fails not just one, but both prongs of that test.

## CLASSIFICATION AS A CAREER OFFENDER

Section 4B1.1, dealing with the career offender requirements and effects, provides, in pertinent part, that (1) the current offense be a controlled substance offense, which it was. He pled to Possession with Intent to Distribute Narcotics. And (2) that he have at least two prior felony convictions of either a crime of violence or a controlled substance offense.

Defendant admitted, under oath, during his plea colloquy, that at the time of his arrest he "had, amongst others, the following felony convictions: 1) On December 5, 2000, in Clark County District Court, Defendant was convicted of Sale of a Controlled Substance; and 2) On December 10, 2002, in the Clark County District Court, Defendant was convicted of Trafficking in Controlled Substance. Furthermore, in the plea agreement, he acknowledged that he "will likely qualify as a Career Offender under U.S.S.G. §§4B1.1 and 4B1.2" due to those convictions.

Rafus argues that the Government erred in categorizing his conviction under Nevada law as a "drug trafficking offense," that the relevant statute criminalized mere possession of certain amounts of controlled substances, without proof of trafficking intent. Not only does his argument ignore his own admissions, §4B1.1 does not require the offense to be drug trafficking offense. It only requires that it be a controlled substance offense.

Given his own admissions regarding his prior convictions and that he likely qualified as a career offender, any failure by counsel to argue otherwise certainly does not fall below *Strickland's* objective standard of reasonableness of counsel's actions, nor does it prejudice the Defendant beyond the prejudicial effect of his own admissions.

/ / /

/ / /

ENHANCEMENT OF CRIMINAL HISTORY SCORE

Defendant's argument, that his counsel's assistance fell below the standard of reasonableness and prejudiced him because counsel failed to object to the 3-point increase in his criminal history score based upon his 1989 conviction, also fails upon a review of the Guidelines and the facts.

First, §4B1.1(b), in pertinent part, also provides that, "A career offender's criminal history category in every case under this subsection shall be Category VI." Thus, once he is established as a career offender, Defendant's criminal history score is VI, regardless of how many criminal history points he actually has. Accordingly, it is irrelevant whether he had 10 criminal history points as correctly determined by the Presentence Report and the Court, or 7 (as would be the case if the 3 points about which he objects were removed). His Criminal History Category would remain VI either way.

Second, the use of the 1989 conviction was appropriate under the Guidelines. Defendant is incorrect that the 15-year limit is counted from the date of his conviction. Rather, U.S.S.G. §4A1.2(e)(1) provides that, in determining whether the conviction falls within the 15-year requirement, that the Court, "Also count any prior sentence of imprisonment exceeding one year and one month, whenever imposed, that resulted in the defendant being incarcerated during any part of such fifteen-year period."

The record shows that while the conviction itself occurred more than 15 years before the August 20, 2008, conduct of the present case, Defendant was released on parole at least four times from 1992 through 1996, and, after each release: (1) he violated the conditions of his parole; (2) the state court revoked his parole; and (3) he was re-incarcerated. Thus, although he was sentenced in 1990, he was *incarcerated* for that offense within fifteen years of committing this offense.

His efforts to challenge the validity of the revocations of his parole by California parole authorities are not permitted in this motion, nor within the jurisdiction of this Court to address. He does not deny he was incarcerated for those violations and he *was* incarcerated within fifteen years

of this crime.

Accordingly, any failure by counsel to argue otherwise certainly does not fall below *Strickland's* objective standard of reasonableness of counsel's actions, nor does it prejudice the Defendant beyond the prejudicial effect of his own admissions and the record.

IT IS THEREFORE ORDERED that Defendant Rafus' **§2255 Motion to Vacate, Set Aside or Correct Sentence** (#95) is DENIED.

Dated: July 25, 2012.

_____
**Roger L. Hunt**
**United States District Judge**